690-15

In
The Court Of Criminal Appeals
Austin

ORIGINAL

John Lamar Hawkins

Vs.

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 27 2015

Abel Acosta, Clerk

The State Of Texas

Appealed From Cause Number 2013-1924-C1 In The 19th. Destrict Court Of McLennan County, Texas

Petetion For Descreathry Reveew

Statement Regardeng Juresdecteon

The Court Of Cremenal Appeals Has Juresdecteon Over Peteteoner's Case Pursuant To Artecle 4.04 Texas Code Of Cremenal Procedure.

Peteteoner Request Oral Argument. Thes Is A PDR

FILED IN
COURT OF CRIMINAL APPEALS

AUG 27 2015

Abel Acosta, Clerk

Sumetted By:

John Hawkins

(1)

## Identity Of Parties And Counsel

Per Tex. R. App. Proc. 38(A) The Following Is A Complete list Of All Parties To The Trial Court's Judgment, And A List Of Names And Address Of All Trial And Appellate Counsel:

Counsel:

Appellant

John Lamar Hawkins
C/O Jack Harwell Detention Center
3101 E. Marlin Hwy
Waco, Tx 76705

Appellant's Trial Attorney

Brian E. Howell
Clark, Clark & Howell
801 Washington Ave, Suite 300
Waco, Tx 76701
254 754-0554

Appellant's Appellate Attorney

J. Scott Peterson
1701 Austen Ave.
Waco, Tx 76701
254 753-3100

State's Trial Attorney

Robert Moody & Evan O'Donnell
Assistant District Attorneys
McLennan County District Attorney's Office
Waco, Tx 76701
254 757-5084

State's Appellate Attorney

Sterling Harmon
Chief, Appellate Section
McLennan County District Attorney's Office
219 N. 6th St. Suite 200
Waco, Tx 76701
254 757-5084

(2)

Pro Se Petitioner     John Lamar Hawkens
3295 FM3514 Larry Gist Unit
Beaumont, Tx 77705

(3)

# Table Of Contents

|  | Page |
|---|---|
| Statement Of Jurisdiction | 1. |
| Statement Regarding Oral Argument | 1. |
| Identity Of Parties And Counsel | 1. |
| Table Of Contents | 2. |
|  | 3.. |
| Index Of Authorities | 4. |
| Statement Of The Case. | 4. |
| ~~Statement Of Case~~ | 4. - 6 |
| Issue Presented | 7, -9, 10, |
| Gist Of Review | 10, - |
| Arguments And Authorities | 10, 13, |
| Prayer For Relief | 13, 19, |
| Certificate Of Service | 19, |
|  | 20, |

.(4)

# Index Of Authorities

## Statutes & Rules
### C.C.P. Art 15.05(2)

**Page**

13

## U.S. Constitution

United States Const. 6th. 8th 14th Amendment Tex. Const. 18,
Art. (I) Section (13) The 4th 5th

## Cases

Hancock Vs. Walker 873 S.W. 2d 422

Kong Vs. State 29. S.W. 3d 356 565 (Tex. Crem. App)    12,

Malcolm Vs. State 678 S.W. 2d. 790 (Tex. Cacm. App. 1982)    15,

Reed Vs. State 59 S.W. 3d. 278 (Tex. App. Fort Worth 2001)    16,

Robles Vs. State 577 S.W. 2d. 699 704 (Tex Crem App. 1979) 18,    15,

State Vs. Perkens 911 S.W. 2d. 548 (Tex App Fort Worth 1998) 17,

## Statement Of The Case.

## Nature Of The Case.

On November 6, 2013. Petetion Was Charged By Indectment With The Second Degree Felony Offense, Of Possesston Of A Controlled Substance Methamphetamene In An Amount Over One Gram But Less Then Four Grams With Intent To Delever. Alleged To Have Been Committed On Or About May 17, 2013. In Veolation Of Selteon 481.112 Health And Safety Code (Controlled Substance) Act Ch 5-6. The Indectment Further Alleged In An "Enhancement" Paragraph That Petetioner Had Prevcously Been Convected Of The Felony Offense Of Unllawfully Carrying A Weapon On A Lecensed Premese, In Veolateon Of Texas Penal Code 46.2(c). The Enhancement Allegateon Would Increase The Punesthment Range To A Feest Degree Felony Level.

(6)

Appellant Applied For A Court - Appointed Attorney (CR.9) The Court Found That Petitioner Was Indigent, Justice Otherwise Requires Appointment Of Counsel. And On 6-6-2013, Appointed Atty, Brian E. Howell To Represent Petitioner In This (Case Cr 8). On 9-29-2014 Petitioner Filed A Pro Se Motion For Substitution Of Appointed Counsel. (Cr 26-27) A Hearing Was Held And The Motion Was Denied. (2 RR 3-6).

Petitioner Trial Counsel Filed No Substantive Pretrial Motion For The Appointment Of An Investigator (CR 46), And A Motion To Withdraw After The Trial Was Over, (Cr 67) On October 28, 2014 Petitioner Signed A Judicial Confession (CR 44). "Plea Guilty" To The Offense (3RR6.120) And Pled "True" To The Enhancement Allegation (3RR6.123) Petitioner Reserved His Right To Have The Jury Access Punishment (CR 31, 3 RR5)

Jury Selection Began Immediately Following Petitioner's Plea Of Guilty (Vol 3. RR) The State Presented Three (3) Witness (4 RR 11-39) And Petitioner Presented Four (4) Witnesses (4 RR 43-72).

(7)

The Following Day The Jury Assessed A Sentence Of Forty (40) Years. In Prison And A Fine Of $1,000.00 (S RR 22. 124-25) The Trial Court Entered A Judgement And Sentence. In Accordance With The Jury's Guilty, Verdict And Punishment (CR 59-60 : S RR 23)

## Prerequesites To Appeal.

The Trial Court Certified Petitioner's Rights To Appeal (CR 64). Trial Counsel Was Allowed To Withdraw From The Case (CR. 67) And The Trial Court Appointed The Undersigned To Represent Petitioner On This Appeal (CR 71) Written Notice Of Appeal Was Timely Filed On November 24, 2014 (CR. 65).

# Statement Of Facts

Officer Mark Gereck With The Texas Department Of Public Safety Lone Star Fugitive Task Force. Informed The Jury That On May 17, 2013. He Was Given The Job Of Locating And Arresting The Petitioner. On Parole Violation Warrant, Gereck And His Fellow Officers Learned That Petitioner Was Spotted. Officers Approached Petitioner To Make The Arrest. As They Were Approaching Petitioner, Gereck Saw Petitioner Hand A Newport Cigrette Package To One Of His Co-Workers.

Petitioner Was Arrested Without Incident, But After The Arrest, Gereck Asked The Recipeant Of The Cigarrette Package, Bandon Battle, If He Could See The Package Battle Agreed And Handed The Newport Package To Gereck.

Inscoe the package were four baggees containeng a crystalline substance, the tested poseteve for methamphetamine After the discovery of the methamphetamine, Gerick obtained Petetioner's consent to search his vehicle. Insioe the vehicle were two(2) more baggees of methamphetamine. Lindsay Hatfield, a DPS forensic scientist confirmed that the baggees contained about (3) grams of methamphetamine (4.RR.21-26) (State Ex)

John Alloved, with the Waco Police Department, parole devescon testified that the amount of methamphetamine found coupled with drug ledger found in petitioner's car. Was indecative that petitioner was distributing methamphetamine.

The State Ended It's Presentation Of Evidence By Presenting State's Exhibit (4-10) Which Were Documents Showing That Petition Has Previously Been Convicted Of Possession Of Methamphetamine (Ex 5) Unlawfully Carrying A Weapon On A Licensed Premise, A Misdemeanor Unlawfully Carrying A Weapon Charge, Two (2) Assault Family Violence Charges, And A Juvenile Adjudication For Burglary Of A Building.

Petitioner's Sister Brenda Hawkins Testified That Their Father Died Of Cancer In 2003. When Petitioner Was About 14 Years Old. Petitioner Ended Up Dropping Out Of School At Age 16, And He Began Working In Construction, Three Additional Family Member's Testified On Petitioner Behalf, Essentially Informing The Jury, Petitioner Did Not Have A Easy Life.

(9)

He Had Never Received Drug Rehab, And He Regretted The Choices He Had Made.

## Issue Presented.

The Trial Court Abused It's Discreation In Denying Petitioner's Pro Se Motion For Substitution Of Court - Appointed Counsel. Investions Was Ineffective, Motion Filed 9-29-14 Motion Denied On 10-7-14, Trial Began On 10-28-14.

## Gist Of Review

Petitioner's Trial Counsel Filed No Substantive Pre-Trial Motions, The Only Motion Filed By Petitioner's Counsel Were An Exparte Motion For The Appointment Of An Investigator (CR 46), And Motion To Withdraw, After The Trial, However Petitioner Filed A Pro Se Motion To Fire His Appointed Counsel (CR 2627)

(12)

After A Hearing On This Motion It Was Denied (2 RRS-17).

After An Extensive Review Of The Records In This Instance Case At Bar. And The Law As May Apply To The Record, The Abuse Of Descreation By The Trial Court, Denying Petitioner's Motion To Substitution Of Court Appointed Counsel. Such Abuse By Trial Court, Calculated To Petitioner's Conviction. That Blew In Through A Door Open By The Trial Courts Abuse, And Trial Counsel Omission. The Trial Court Abused It's Descreation, In Denying Petitioner's Motion. That Was A Cry For Help!

What's Of Tantamount Recognition, Is The Just Of Petitioner's Arguments For A New Appointed Counsel Was (1). Petitioner Had Hired Appointed Counsel Originally But Was Unable To Pay Him And Made Objections. However The Trial Court Agreed To Appoint The Same Trial Counsel. Which Petitioner Strongly Believed Created A Conflict Between He And (2) The atty. Or Counsel Would Not File Any Motions To Suppress Which Was Needed. For Fruits Of A Poison Tree.

(3) A Motion To Plea To The Jurisdiction, Predicated

On The Complaint, In This Case Failed To Meet The Requisites Of Code Of Criminal Procedure Article 15.05(2)

As Petitioner Had Written To The (CIAP) Agency In Austin Texas. An Outside Agency For *Help*. In Removing The Appointed Counsel. Such Acts Only Calculated To Compel Appointed Counsel, To Finally Net-Work, Acknowledging Petitioner Had No Communication With Counsel During (17) Months Of Confinement. Only To Have His 6th Amendment's Rights Invoked By Sign Documents, Such Omissions Calculated To, Prejudice And Harm The Due Process And Due Course Of Law, Owed To, Petitioner In This Instance Case At Bar.

Moreover At The Hearing The Trial Court Would Not Elect, To Ask Appointed Counsel Any Questions As To Why Would Petitioner Assert Certain Motion Were Needed. That Petitioner Had Made Certain To Appointed Counsel. As To Personally Asking Counsel To Acknowledge. For This Was A 1st Degree Felony. Yet Appointed Counsel Only Filed One Motion, For An Investigator, Which Was Never Used.

Although Petitioner Motion Invoked Counsel Failed And Refused To File Specific Pre-Trial Motions. Purported Directly To Counsel In Letters And To The Outside Agency (CIAP) In Austin Texas.

Which Compelled Appointed Counsel, To Finally Communicate. Only After (17) Months With *No* Lines Of Communications. However The (AAP) Contacted The Appointed Counsel, Employed The Appointed Counsel To Correspond *Only* To Inform Petitioner That *He* Was Still Going To Trial.

This Is Why Petitioner's Asserted He Was Locked Up Awaiting Trial (17) Months With No Net-Work Of Communication With Appointed Counsel. As Articulated To The (AAP) Agency, That Counsel Was Not Ready For Trial, And Petitioner Had No Trust In Counsel, And The Wanting To Dis-Miss Was Wanting.

Although Petitioner Had Conveyed Such Contention To Appointed Counsel, And (AAP) Agency The Need Motion For Suppress The Evidence For It Contained Fruits Of A Poison Tree. A Motion To The Plea To Jurisdiction Predicated On The Complaint Failing To Meet The Requesties Of The Code Of Criminal Procedure. A Motion For Fast And Speedy Trial.

<u>Arguments And Authorities</u>

It's Painfully Obvious When Reviewing This Instance Case At Bar. The Trial Court Is, Without Doubt. The Gate Keeper To The Law.

(14)

It's Painfully Obvious, As The Gate Keeper To The Law, The Contention Asserted To Issue's Directly To Counsel As To The Wanting For Certain Motions To Be Filed, Prior To Trial, Was A Profound Reason, To Have Counsel Removed. Nevertheless The Trial Court Abused It's Discretion In Electing From Appointed Counsel, The Value Of What Motion Were Wanting By Petitioner.

Moreover Petitioners Motion To Dismiss Counsel Was Timely Filed. Which Overcomes The Assertion In Robles Vs. State 577 S.W. 2d. 699 704 (Tex. Crim. App. 1979).

Petitioner Filed His Motion For New Appointed Counsel Timely 9-29-2014. However Trial Was Not Until 10-28-2014.

Thus The Trial Courts Decision To Deny A Motion For Substitution Of Court Appointed Counsel Calculated To, A Clear Abuse Of Discretion.

King Vs. State 29. S.W. 3d 356 565 (Tex. Crim App) (2000).

(16)

The Petitioner Never Attempted To, And Did Not Manipulate His Rights To Select So As To Obstruct The Orderly Procedure Of The Courts, Or Interfere With The Fair Administration Of Justice.

What's Of Paramount Importance, Petitioners Motion To Fire Appointment Of Counsel. Was <u>A Cry For Help!</u> Writing The Outside Agency's (C.A.A.P.) <u>Was A Cry For Help!</u> And Last But Not Lest Informing The Trial Court Was <u>A Cry For Help!</u> That Meets The Burden Of Proof. That Would Establish But One Thing, The Petitioner In This Instance Case At Bar. Was Without Doubt, Entitled To A Change Of Counsel. <u>Malcolm Vs. State 678 S.W. 2d. 790 (Tex Crim App. 1982)</u>

Without Doubt Petitioner Attempted To Prevent The Incident Before It Occurred. (Emphases Added)

The Motion To Dismiss Was An Adequate Grounds For Appointment Of Counsel,

(16)

The Petitioner Demonstrates From The Record That He Was Prejudice By The Trial Courts Abuse Of Descreation, As To His Motion To Dismiss Counsel. And That There Is A Reasonable Probability That, But For The Trial Courts, Abuse Of Descretion, Denying His Motion The Result Of The Proceeding Would Have Been Different, With A Reasonable Probability Being One Sufficient To Under Mine Confidence In The Outcome.

An Abuse Of Descretion Is Profoundly Noted In This Instance Case At Bar. For The Trial Judges Decision Was So Clearly Wrong As To Lie Outside The Zone Within Which Reasonable Person Might Disagree Torrance Vs State 59 S.W. 3d 275 (Tex. App. Fort Worth 2001).

The Contention Of Petioners Assertion To The Court Of Criminal Appeal Is That This Honorable Court Review The Abuse In This Instance Case At Bar. Or The Abuse Of Descretion Exists For The Trial Court In The 19th District Court Of McLennan County, Texas Is So Arbitrary And Unreasonable As To Amount To Clear Prejudecial Error Of Law.

(18)

And There Is No Adequate Remedy On Appeal. Hancock Vs. Wacker 873 S.W. 2d. 422 State Vs. Perkens 911 S.W. 2d 548 (Tex. App. Fort Worth 1998)

(Emphases Added)

What's Of Paramount Importance The Trial Court Ruling, On Petitioners Motion To Dismiss Counsel, The Court Acted Without Reference To Any Guiding Rules And Principle. Or In Other Words, Acted In Arbitrary And Unreasonable Manner. Reed Vs. State 59. S. W. 3d 278 (Tex App Fort Worth 2001)

An Abuse Of Descreation Is Invoked. Reference The Trial Courts Decision To Admit To A Hearing To Dismiss Counsel, Filed By Petitioner, And Denying Such Matters Is An Omission Of Rights Owed To Petitioner, Are Relevant To The Issue As To Deprive Petitioner, As In This Instance Case At Bar, Petitioner Due Process Due Provision Of Law, Pursuant To His 6th. 8th And 14th. Amendment To The U.S. Const,

(18)

Who Answers For The Accused? Does The Law Answer. Are Is The Law Silent. To Any Question, The Petitioner May Have. May Have Had.. And Still Have...

When Reviewing This Instance Case At Bar. Whats Apparent Is The Trial Court Abuse Of Descreation In Denying Petitioner A Replacement As To Counsel. Is No Different Then A By-Stander Failing To Stop And Render Aid. That Is Relevant To A Motion To Desmiss Counsel. Is A Cry For Help! And The Existance Of Our Great System, Courts, And Guideleines Failed. And Looked Away.

"We Might As Well, Through All This Due Process, And Due Process, Out The Window. And Return To The Gun Fighting Days. Where At The End. Only One Person Will Stand When The Smoke Cleans The Air. At The End Of A Day.

Justice Is Being Call To Duty Right Now. In This Instance Case At Bar. Where Are The Gueding Rules And Principles? In Other Words This Convection Blew In Through The Omission Of The Trial Courts Abuse Of Discreation, Such Acts Or Orarbitary And Unreasonable And Should Be Desturbed. Justice Is Called To Duty. That Should Be Present And Accounted "(For)"

## Prayer

Wherefore Premese Consedered John Lamar Hawkens The Peteteoner Respectfully Prays, That This Honorable Court Conceive This Cry For Help, That Would Remand This Instance Case. Back To The Trial Courts, Placeing Peteteoner In A Poseteon To Have Provieded His Due Process And Due Course Of Law, Prior To Any Trial. As Justice Would Call For. In All Theengs As He Is Justly Entetied.

Respectfully Submetted.

John Lamar Hawkens
John Lamar Hawkens

(21)

## Certificate Of Service

On This 8-15- 2015 The Petitioner Has Forwarded His Petition For Discreationary Review To The Clerk Of The 10th Judicial District Court Of Appeals. By United States Mail.

John Lamar Hawkins

(22)



# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00351-CR

**JOHN LAMAR HAWKINS,**

**Appellant**

v.

**THE STATE OF TEXAS,**

**Appellee**

From the 19th District Court
McLennan County, Texas
Trial Court No. 2013-1924-C1

## MEMORANDUM OPINION

Appellant, John Lamar Hawkins, was charged by indictment with unlawful possession, with intent to deliver, a controlled substance, methamphetamine, in an amount greater than one gram but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010). The indictment also included an enhancement paragraph pertaining to appellant's prior felony conviction for unlawfully carrying a weapon on a licensed premises. *See* TEX. PENAL CODE ANN. § 46.02 (West Supp. 2014).

Thereafter, appellant, without the benefit of an agreement with the State, signed a judicial confession, wherein he pleaded guilty to the charged offense and "true" to the enhancement allegation contained in the indictment. Appellant reserved his right to have the jury assess punishment. During the punishment hearing, both appellant and the State presented witnesses, and at the conclusion of the hearing, the jury assessed punishment at forty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with a $1,000 fine. The trial court entered a judgment and sentence in accordance with the jury's verdict and certified appellant's right to appeal. Appellant appeals, and we affirm.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response.[2] *See In re Schulman*, 252 S.W.3d at 409.

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] Nowhere in the record or in the documents received by the Court does appellant suggest that he wants or sought the record but was unable to obtain it. *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgment of the trial court is affirmed.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed April 30, 2015
Do not publish
[CRPM]



John Hawkins #1977929
3295 FM 3514
Beaumont, TX 77705

RECEIVED
AUG 24 2015
COURT OF APPEALS
WACO, TEXAS

Tenth Court of Appeals
Mclennan County Courthouse
501 Washington Ave., RM.415
Waco, TX, 76701-1373